## GREENHAW V. ARNOLD.

1. PAYMENT: *Pendente lite; Judgment for cost.*
   Payment of the debt sued for, during the pendency of the suit, will not bar a judgment against the defendant for the cost.

APPEAL from *Searcy* Circuit Court.
Hon. J. H. BERRY, Circuit Judge.

*Henderson & Caruth*, for appellant:

*P. C. Dooley*, for appellee:

There is no motion for a new trial in the record. It is not referred to in the bill of exceptions; is not embraced in it, nor made part of it. *White* v. *Prigmore*, 28 *Ark.*, 450.

ENGLISH, C. J. Arnold sued Henson before a justice of the peace of Searcy county, by attachment, for rent, under the landlord's lien act, and four bales of cotton were attached. Greenhaw interpleaded for the cotton, and on a trial obtained judgment. Arnold appealed to the Circuit Court, where there was a trial *de novo*, and verdict in his favor.

It was shown to the court that, pending the appeal, the rent debt for which the attachment was sued out had been paid, but that no costs had been paid; and thereupon the court rendered judgment upon the verdict in favor of Arnold against Greenhaw for costs.

It appears that Greenhaw filed a motion for a new trial,.

which was overruled, and he took a bill of exceptions, and appealed to this court.

Upon the face of the record the judgment was right. The payment of the debt, pending the suit, was no bar to a judgment for costs against appellant. *Goings* v. *Mills*, 1 *Ark.*, 11.

We find a motion for a new trial in the transcript, but it is not embodied in the bill of exceptions, nor referred to, identified, and made part of the record.

If it had been made part of the record, there is nothing in it. One ground of the motion is, that the verdict was contrary to the instructions of the court, but the bill of exceptions sets out no instructions. A further ground is, that the verdict was not warranted by the evidence. The evidence conduces to prove that at the time the attachment was sued out, Henson was indebted to Arnold for rent; that the cotton attached was produced on the demised premises; that Arnold had a landlord's lien on it for rent, and that Henson had sold it to appellant, who interpleaded for it.

Affirmed.